Peter G. Bertling # 131602
Steve H Shlens # 188851
BERTLING & CLAUSEN L.L.P.
15 West Carrillo Street, Suite 100
Santa Barbara, California 93101
Telephone: (805) 892-2100
Facsimile: (805) 963-6044

Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL
GROUP, INC., TAYLOR FITHIAN, M.D.,
JOHN KORZELIUS, M.D., MELVIN MYUNG
JUNG, M.D., and MARIA BAEZ, LVN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ESTHER BISELLI AND THE ESTATE OF DANIEL T. HERNANDEZ, BY AND THROUGH HIS PERSONAL REPRESENTATIVE ESTHER BISELLI; K.N.H. [NAME REDACTED], A MINOR, BY AND THROUGH HER GUARDIAN AND MOTHER, AMBER RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF VENTURA, VENTURA COUNTY SHERIFFS DEPARTMENT; SHERIFF BOB BROOKS; CALIFORNIA FORENSIC MEDICAL GROUP; FITHIAN TAYLOR, M.D., DR. JOHN KORZELIUS, DR. MELVIN MYUNG JUNG, MARIA BAEZLIN, DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. CV 09-8694 CAS (Ex)<br><br>**REPLY OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN MYUNG JUNG, M.D., AND MARIA BAEZ, LVN, TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 4, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>Action Filed: November 25, 2009<br>Trial Date: None yet assigned.<br>Judge: Hon. Christina A. Snyder<br>Magistrate: Hon. Charles F. Eick |

**REPLY** is here hereby taken by defendants CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN MYUNG JUNG, M.D., AND MARIA BAEZ, LVN to the Opposition of Plaintiffs to Defendants' Motion for Summary Judgment.

1

# I.

## THIS ENTIRE MATTER BOILS DOWN TO TWO KEY FACTS CONCEDED BY PLAINTIFFS.

Despite almost 2,000 pages of paperwork submitted by the plaintiffs with countless exhibits thrown at this Court in an effort to take clear facts and obfuscate them with muddy issues, this case still boils down to two key facts conceded by Plaintiffs: (1) California Forensic Medical Group was never told about the order to maintain Mr. Hernandez on his medications from the Patton State Hospital and (2) California Forensic Medical Group and the medical providers of CFMG including Dr. Fithian, Dr. Korzelius, Dr. Jung and Nurse Baez were never told that Mr. Hernandez was placed into disciplinary isolation on February 12, 2009.

First, as Plaintiffs' excessive opposition paperwork indicates (specifically pointing to the "consolidated opposition" to the Motions for Summary Judgment, at page 13, lines 2 through 4) "The evidence indicates that the custody staff did not notify the CFMG staff that the Court ordered that Mr. Hernandez be maintained on psychotropic medications." This was reiterated (on page 14, lines 10 and 11) wherein Plaintiffs state: "This order was received by the VCPTDF, but there is no evidence that the order was forwarded by custody staff to CFMG." As Plaintiffs state (at lines 13 and 14 of page 14): "Deponents for both CFMG and VCSD agreed that the order was not delivered to CFMG."

Second, and perhaps most important to Plaintiffs' claims of alleged deliberate indifference by the medical providers, CFMG and its staff, including mental health staff, were never notified that Mr. Hernandez was placed in disciplinary isolation on February 13, 2009. Mr. Hernandez then committed suicide on February 16, 2009, before CFMG, its medical staff, and its mental health care staff were notified of his placement in disciplinary isolation. As Plaintiffs state (at page 23, lines 15 through 28 of their opposition paperwork): "Mr. Hernandez was not assessed nor referred to assessment by mental health staff. It further appears that the VCPTDF decision to remove Mr. Hernandez from the safety status level was made without consultation with CFMG mental health staff.

2

REPLY OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN MYUNG JUNG, M.D., AND MARIA BAEZ, LVN, TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT

1 The failure to notify medical staff was 'clearly below the standard the care' for the administration of safety precautions."

As the Court may note from the Plaintiffs' paperwork (at pages 23 through 26) California Forensic Medical Group, its medical providers, and its mental healthcare providers were never notified that Mr. Hernandez was placed in disciplinary isolation between February 13, 2009 and his eventual suicide on February 16, 2009. Without this absolutely crucial knowledge, it cannot be said that these defendants were deliberately indifferent to Mr. Hernandez' serious medical needs.

## II.

## WITHOUT SUBJECTIVE DELIBERATE INDIFFERENCE, THERE CAN BE NO LIABILITY UNDER 42 U.S.C. §1983.

As stated in *Toguchi v. Chung*, 391 F.3d 1051 (9th cir. 2004), jail medical staff are not subjectively indifferent to a prisoner's medical needs, even if there is a negligent failure to realize the inmate had probably consumed illegal narcotics while in custody. There must be a demonstration that the individual defendants involved deprived the prisoner of of "the minimal civilized measure of life's necessities."  See, e.g. *Hallett v. Morgan*, 296 F.3d 732, 744 (9th cir. 2002). The plaintiffs must demonstrate that the individuals being sued "acted with deliberate indifference in doing so." *Id.*

The individuals being sued for alleged deliberate indifference are said to be subjectively deliberately indifferent "only if the [individual] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe*, Nevada, 290 F.3d 1175, 1187 (9th cir. 2002); *Toguchi, supra.*, F.3d at 1058. Under this standard, the providers must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but they "must also draw the inference." *Toguchi, Id.*, citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (Emphasis added).

Even if an individual should have been aware of a risk, but was not, this individual has not violated the Eighth Amendment "no matter how severe the risk." *Gibson, supra*, 290 F.3d at 1188; *Toguchi, supra*, 391 F.3d at 1058. As stated by the United States

3

REPLY OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN MYUNG JUNG, M.D., AND MARIA BAEZ, LVN, TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT

Supreme Court in *Farmer*, this "subjective approach" focuses "on what a defendant's mental attitude actually was." *Farmer, supra*, 511 U.S. at 839.

<u>Here, the Plaintiffs concede and indeed point out to this Court that California Forensic Medical Group and the CFMG providers were (1) never told about a court order to maintain Mr. Hernandez on certain medications, and (2) were never told that Mr. Hernandez was placed into disciplinary isolation in the days preceding his suicide</u>. Without this knowledge, these Defendants could not have been subjectively deliberately indifferent to the serious medical needs of Mr. Hernandez. "No matter how severe the risk," without this knowledge, they cannot be said to have violated the Eighth Amendment. *Gibson, supra, Toguchi, supra*.

## III.
## PLAINTIFFS' CLAIMS OF PURPORTED NEGLIGENCE ARE LIKEWISE NOT VIABLE.

In order to prevail in a state medical negligence claim action, the plaintiffs must establish that the defendants had a legal duty to use due care, the breach of that duty and that the breach of that duty is the proximate or legal cause of the resulting injury. *Flowers v. Torrance Memorial Hospital Medical Center*, 8 Cal.4th 992, 999 (1994).

In this matter, Defendants have proffered competent expert testimony through the declaration of psychiatrist David Paster, M.D., establishing that at all times the care and treatment rendered to Plaintiffs' decedent, Daniel Hernandez, by California Forensic Medical Group was appropriate and within the applicable standard of care. The declaration of Plaintiffs' expert Lindsay Hayes is irrelevant toward CFMG's standard of care in providing medical and mental health services. As Mr. Hayes has conceded in the past, he is not a medical provider. Mr. Hayes has no foundation to render clinical opinions. As to Plaintiffs' expert Jeffrey Metzner, M.D., his conclusory declaration is based largely upon Plaintiffs' expert Mr. Hayes, as established at page 15, paragraph 43 of Dr. Metzner's declaration. Such a claim lacks foundation and Dr. Metzner does not establish that the defendants were negligent, let alone deliberately indifferent to the

decedent's serious medical needs.

At worst, this may be a case of purported state court negligence/medical malpractice, to which this Court should not retain jurisdiction. That said, there is no discussion of any specific breach of the standard of care by any of the CFMG providers. Rather, as is the case within Plaintiffs' entire Opposition, the Court is overwhelmed with information by the Plaintiffs in an attempt to confuse the issues. This is not appropriate, and the Motion for Summary Judgment of California Forensic Medical Group, Dr. Fithian, Dr. Korzelius, Dr. Jung and Nurse Baez should be granted by this Court. There is no indication that any of these providers, to a medical probability, breached the standard of care and thus caused the suicide of Daniel Hernandez. To the contrary, there is no such information provided.

## IV.
## PLAINTIFFS' SUBMISSION OF 1,933 PAGES IN THEIR OPPOSITION IS A TRANSPARENT AND MISGUIDED ATTEMPT TO OVERWHELM AND CONFUSE THIS COURT.

In the almost 2,000 pages provided by Plaintiffs, there is no specific direction provided to the Court. Rather, the plaintiffs appear to have simply provided this Court with every piece of discovery that has ever been attained in this case with small exceptions. This appears to be an attempt to simply overwhelm the Court with information and confuse the issues while misdirecting the trier of fact. Such a disjointed and rambling opposition should not be accepted by this Court as appropriate; it does not directly address the issues involved.

As noted above, the care providers at California Forensic Medical Group including Dr. Fithian, Dr. Korzelius, Dr. Jung and Nurse Baez could not have been deliberately indifferent to Mr. Hernandez' serious medical needs prior to his suicide. They were not informed of his placement into disciplinary isolation. This is information pointed out to this Court by the plaintiffs, as well as by these Defendants in their initial paperwork. CFMG and the CFMG care providers were likewise not told of a Court order to maintain Mr. Hernandez on specific medication. As Plaintiffs indicate at page 21 of their opposition

5

REPLY OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN MYUNG JUNG, M.D., AND MARIA BAEZ, LVN, TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT

1  paperwork, "In the week before his death, Mr. Hernandez' bizarre and self-destructive
2  behavior escalated...." [Please see page 21, lines 21 through 22.] Plaintiffs concede:
3  CFMG and the defendant care providers were <u>not</u> advised of this information. CFMG care
4  providers were not advised that Mr. Hernandez was placed into disciplinary isolation.
5  These care providers could not have knowingly been deliberately indifferent to the alleged
6  serious medical needs of Mr. Hernandez. To the contrary, their lack of knowledge
7  precludes such claims.
8      Accordingly Defendants respectfully request this Court grant their Motion for
9  Summary Judgment in full. Alternatively, Defendants respectfully request this court grant
10 their Motion for Summary Judgment as to the Federal Civil Rights causes of action and
11 dismiss the state law claims without prejudice to refiling in State Court subject to whatever
12 defenses Defendants have in that tribunal.

## V.
## **CONCLUSION**.

15     For the foregoing reasons, Defendants CALIFORNIA FORENSIC MEDICAL
16 GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN
17 MYUNG JUNG, M.D., AND MARIA BAEZ, LVN respectfully request their Motion for
18 Summary Judgment be granted in full.

19 DATED: May 25, 2012.                    Respectfully submitted,

20                                         BERTLING & CLAUSEN L.L.P.

22                              By:    /s/
23                                     Peter G. Bertling
                                       Steve H. Shlens
24                                     Attorneys for Defendants, CALIFORNIA
                                       FORENSIC MEDICAL GROUP, INC.,
25                                     TAYLOR FITHIAN, M.D., JOHN
                                       KORZELIUS, M.D., MELVIN MYUNG
26                                     JUNG, M.D., and MARIA BAEZ, LVN

REPLY OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN MYUNG JUNG, M.D., AND MARIA BAEZ, LVN, TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT

PROOF OF SERVICE
CCP §§ 1011, 1013, 1013a, 2015.5
FRCP 5(b)/Rules of Court, Rule 2.260

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 15 West Carrillo Street, Suite 100, Santa Barbara, California 93101.

On **May 25, 2012**, I served the document described as **REPLY OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN MYUNG JUNG, M.D., AND MARIA BAEZ, LVN, TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action ☒ by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list ☐ by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒ BY MAIL        ☐ I deposited such envelope in the mail at Santa Barbara, California. The envelope was mailed with postage thereon fully prepaid.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Barbara, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ BY ELECTRONIC SERVICE (via electronic filing service provider)

By electronically transmitting the document listed above to a Pacer CM/ECF File and Serve, at www.ecf.us.courts.gov pursuant to the Court's Order mandating electronic service. See Rules of Court, Rules 2.253, 2.255 and 2.260. The transmission was reported as complete and without error.

☒ FEDERAL    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **May 25, 2012**, at Santa Barbara, California.

Marci Bratton                /s/ [signature]
                             Signature

# SERVICE LIST

**Attorneys for Plaintiffs**
David S. McLane, Esq.
Caitlin S. Weisberg, Esq.
Kaye, McLane & Bednarski, LLP
234 E. Colorado Blvd., Suite 230
Pasadena, CA 91101
(626) 844-7660 - Phone
(626) 844-7670 - Fax
dmclane@kmbllp.com
cweisberg@kmbllp.com

Brian A. Vogel, Esq.
The Law Offices of Brian A. Vogel
770 County Square Drive, Suite 104
Ventura, CA 93003
(805) 654-0400 - Phone
(805) 654-0326 - Fax
brian@bvogel.com

**Attorneys for Defendants, County of Ventura, Ventura County Sheriff's Department, and Sheriff Bob Brooks**
Jeffrey Held, Esq.
Wisotsky, Procter & Shyer
Financial Plaza Tower
300 Esplanade Drive, Suite 1500
Oxnard, CA 93036
(805) 278-0920 - Phone
(805) 278-0289 - Fax
jheld@wps-law.net