1  Peter G. Bertling  # 131602
   Steve H Shlens  # 188851
2  BERTLING & CLAUSEN L.L.P.
   15 West Carrillo Street, Suite 100
3  Santa Barbara, California  93101
   Telephone:  (805) 892-2100
4  Facsimile:   (805) 963-6044

5  Attorneys for Defendants
   CALIFORNIA FORENSIC MEDICAL
6  GROUP, INC., TAYLOR FITHIAN, M.D.,
   JOHN KORZELIUS, M.D., MELVIN MYUNG
7  JUNG, M.D., and MARIA BAEZ, LVN

8

9              UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11

12 | ESTHER BISELLI AND THE ESTATE     | Case No. CV 09-8694 CAS (Ex)
   | OF DANIEL T. HERNANDEZ, BY AND    |
13 | THROUGH HIS PERSONAL              | **OBJECTION TO DECLARATION**
   | REPRESENTATIVE ESTHER BISELLI;    | **OF LINDSAY HAYES**
14 | K.N.H. [NAME REDACTED], A MINOR,  |
   | BY AND THROUGH HER GUARDIAN       | Date:       June 4, 2012
15 | AND MOTHER, AMBER RODRIGUEZ,      | Time:       10:00 a.m.
   |                                   | Courtroom: 5
16 |        Plaintiffs,                |
17 | v.                                |
   |                                   | Action Filed: November 25, 2009
18 | COUNTY OF VENTURA, VENTURA        | Trial Date: None yet assigned.
   | COUNTY SHERIFFS DEPARTMENT;       | Judge: Hon. Christina A. Snyder
19 | SHERIFF BOB BROOKS; CALIFORNIA    | Magistrate: Hon. Charles F. Eick
   | FORENSIC MEDICAL GROUP;           |
20 | FITHIAN TAYLOR, M.D., DR. JOHN    |
   | KORZELIUS, DR. MELVIN MYUNG       |
21 | JUNG, MARIA BAEZLIN, DOES 1       |
   | through 10 inclusive,             |
22 |                                   |
   |        Defendants.                |
23 |                                   |

24       OBJECTION is hereby taken by defendants CALIFORNIA FORENSIC MEDICAL

25 GROUP, INC., TAYLOR FITHIAN, M.D., JOHN KORZELIUS, M.D., MELVIN

26 MYUNG JUNG, M.D., AND MARIA BAEZ, LVN to the Declaration of Lindsay M.

27 Hayes submitted with Plaintiffs' Opposition to Defendants' Motion for Summary

28 Judgment.

1  Said objection is made on the grounds that the declaration of Mr. Hayes lacks
2  foundation, generally lacks specificity and fails to indicate facts underlying his conclusions
3  such that the conclusions do not support the proposition for which the declaration is
4  offered.

5  Furthermore, Defendants object to Mr. Hayes providing any information or
6  testimony as against their interests in that Mr. Hayes is not a clinician and cannot form any
7  clinical opinions. He is not a medical doctor. He has never worked as a medical director
8  of any facility. He has never attended medical school. He has never attended nursing
9  school. He does not have any foundation to render clinical opinions. He is unqualified to
10  render opinions against the California Forensic Medical Group providers sufficient to
11  defeat a Motion for Summary Judgment.

12  <u>Under *Daubert*, Defendants respectfully request the Declaration of Mr. Hayes be
13  stricken.</u> See also, *Boncher v. Brown County*, 272 F.3d 484 (7th cir. 2001); *Thacker v.
14  Franklin County*, No. 94 APE01-01, 1994 WL 283672, at 4 (Ohio App. 1994); *Boyd v.
15  Harper*, 702 F.Supp. 578, 582 (E.D. VA 1988); *Daubert v. Merrell Dow Pharmaceuticals,
16  Inc.*, 509 U.S. 579, 592-95 (1993).

17  Attached hereto as Exhibit "A" is a true and correct copy of deposition testimony
18  from Lindsay Hayes, page 211 line 11 through page 212 line 9. Attached hereto as Exhibit
19  "B" is a true and correct copy of deposition testimony of Lindsay Hayes, page 254 line 18
20  through page 255 line 7.  <u>Mr. Hayes is unqualified to render opinions against medical
21  healthcare providers sufficient to defeat a Motion for Summary Judgment.</u>

22  DATED: May 25, 2012.                       Respectfully submitted,
23                                             BERTLING & CLAUSEN L.L.P.
24
25
                                       By:    /s/
26                                             Peter G. Bertling
                                               Steve H. Shlens
27                                             Attorneys for Defendants, CALIFORNIA
                                               FORENSIC MEDICAL GROUP, INC.,
28                                             TAYLOR FITHIAN, M.D., JOHN
                                               KORZELIUS, M.D., MELVIN MYUNG
                                               JUNG, M.D., and MARIA BAEZ, LVN

OBJECTION TO DECLARATION OF LINDSAY HAYES

# EXHIBIT A

RX Date/Time        05/25/2012      14:51       916 442 5750                                                            P.002
Case 2:09-cv-08694-CAS-E   Document 97   Filed 05/25/12   Page 4 of 12   Page ID #:2065
Jerome M. Varanini, Esq.                                                 916-442-5750                        p.2

FALKENBURGE VS.                                Multi-Page™                            LINDSAY HAYES
COUNTY OF YOLO                                                                        MARCH 11, 2003

---

**Page 1**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TALITHA FALKENBURGE, NORMAN ACHEN, BARBARA EATON-ACHEN, JANE DEMING, individually and in her capacity as Personal Representative of the Estate of Stephen Achen, and BARBARA GABRIEL, individually and in her capacity as Person Representative of the Estate of Stephen Achen,

    Plaintiffs,

v.

COUNTY OF YOLO, SHERIFF MILLER, SHERIFF-CORONER E.G. PRIETO; CORRECTIONAL OFFICER RON SYKOSKY, JAN CHRISTISON, RN, RICK HOWELL, RN, CALIFORNIA FORENSIC MEDICAL GROUP, INC., PSYCHIATRIC NURSE; DOE 1, LVN, DOE 2, DOES 3-100,

    Defendants.

Case No. CIV S 01 1478 DFL GGH

DEPOSITION OF LINDSAY HAYES

MARCH 11, 2003

SHANBERG SHORTHAND REPORTERS
4771-H La Villa Marina
Marina del Ray, California 90292
(310) 306-6149

Reported by:

BARBARA J. SHANBERG, CSR 4537

---

**Page 2**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TALITHA FALKENBURGE, NORMAN ACHEN, BARBARA EATON-ACHEN, JANE DEMING, individually and in her capacity as Personal Representative of the Estate of Stephen Achen, and BARBARA GABRIEL, individually and in her capacity as Person Representative of the Estate of Stephen Achen,

    Plaintiffs,

v.

COUNTY OF YOLO, SHERIFF MILLER, SHERIFF-CORONER E.G. PRIETO, CORRECTIONAL OFFICER RON SYKOSKY, JAN CHRISTISON, RN, RICK HOWELL, RN, CALIFORNIA FORENSIC MEDICAL GROUP, INC., PSYCHIATRIC NURSE, DOE 1, LVN, DOE 2, DOES 3-100,

    Defendants.

Case No. CIV S 01 1478 DFL GGH

DEPOSITION OF LINDSAY HAYES, taken on behalf of the Defendants at 12121 Wilshire Boulevard, Los Angeles, California, commencing at 11:30 a.m., Tuesday, March 11, 2003, before Barbara J. Shanberg, CSR 4537, pursuant to Notice.

---

**Page 3**

1  APPEARANCES:
2
3  For Plaintiffs:
4
5     JOHNSON & RISHWAIN, LLP
6     BY: NEVILLE L. JOHNSON, ESQ.
7        and
8        DOUGLAS JOHNSON, ESQ.
9     12121 Wilshire Boulevard
10    Suite 1201
11    Los Angeles, California 90025-1176
12    (310) 826-2410
13    (310) 826-5450 Fax
14
15  For Defendants CFMG, Inc., Jan Christison, Rick Howell, Kathleen Sindelar, Kyle Snow and Melinda Peterson:
16
17    TRIMBLE, SHERINIAN & VARANINI
18    BY: JEROME M. VARANINI, ESQ.
19    2500 Venture Oaks Way
20    Suite 350
21    Sacramento, California 95833
22    (916) 444-8271
23    (916) 442-5750 Fax
24
25

---

**Page 4**

1  For Defendants County of Yolo, Sheriff Prieto, Sheriff Miller and Officer Sykosky:
2
3     ANGELO, KILDAY & KILDUFF
4     BY: BRUCE A. KILDAY, ESQ.
5     601 University Avenue
6     Suite 150
7     Sacramento, California 95825
8     (916) 564-6100
9     (916) 564-6263 Fax
10
11 For Defendant Asa F. Hambly, M.D.:
12
13    BERTLING & CLAUSEN, LLC
14    BY: STEVE H. SHLENS, ESQ.
15    15 West Carrillo Street
16    Suite 100
17    Santa Barbara, California 93101
18    (805) 879-7514
19    (805) 963-6044 Fax
20
21
22
23
24
25

RX Date/Time    05/25/2012    14:51    916 442 5750    P 007
Case 2:09-cv-08694-CAS -E   Document 97   Filed 05/25/12   Page 5 of 12   Page ID #:2066
Jerome M. Varanini, Esq.                    916-442-5750    p.7

FALKENBURGE VS.                    Multi-Page™                    LINDSAY HAYES
COUNTY OF YOLO                                                    MARCH 11, 2003

**Page 209**

1  jail.
2       For example, in Sacramento County, that's a
3  large jail. I think there's over 1200, 1500 beds.
4       So clearly, six suicides within a seven-month
5  period of time is an extraordinary amount of deaths. And
6  I think it was appropriate -- and I'm probably not the
7  first one to say it -- I am sure the media -- the
8  Sacramento Bee might have even coined it as "a rash of
9  suicides."
10      I think, you know, one or two suicides in a
11 500-bed jail in a 24-month period of time, as it was in
12 the Yolo County jail, might not be considered a rash of
13 suicides. But I certainly think that it's a high number
14 of suicides.
15      But in the context of -- and as your colleague
16 mentioned earlier in his questions to me, that has to be
17 looked at in the context of over a 12, 13, 14-year period
18 of time. So we are talking about, you know, two suicides
19 in 24 months. But we are also talking about five
20 suicides in 14 years.
21      So you can do a numbers game on it. It's not
22 something that I even mentioned within my report. So I
23 did not think that the number of suicides in the jail --
24 that issue was of a significant nature to mention within
25 my report or in my opinion.

**Page 210**

1   Q  You did not think it was a rash?
2   A  It's not a rash as in Sacramento County,
3  certainly.
4   Q  All right. You just said you can play a numbers
5  game. It actually leads to the next area that I have a
6  question about. You mentioned statistics. You mentioned
7  a statistical formula to determine the suicide rate.
8       What is that statistical formula again, please?
9   A  The number of suicides per year multiplied by
10 the number of years that you want to calculate the rate
11 for -- excuse me -- the number of suicides divided by the
12 number of inmates, the average daily population of the
13 jail for a year, multiplied by the number of years and
14 then multiplied by 100,000.
15      I should point out that that's not a calculation
16 or a formula that I have devised. It's done by the
17 Bureau of Justice Statistics, which is in the U.S.
18 Justice Department.
19  Q  Why would you not simply figure out the total
20 number of inmates and divide that into the total number
21 of suicides to determine the rate?
22  A  Because you have to multiply that by 100,000,
23 because most rates are based on either a thousand or
24 100,000. In the community, suicide rate that is
25 calculated by the Centers for Disease Control calculated

**Page 211**

1  it on a 100,000-person basis. So that's why calculation
2  of the jail suicide rate is also used to do it by
3  100,000.
4   Q  So it's the number of suicides, divided by the
5  number of inmates, multiplied by the number of years,
6  multiplied by 100,000; is that correct?
7   A  Number of suicides, divided by the average daily
8  population, multiplied by the number of years that you
9  want to calculate the rate for, multiplied by 100,000;
10 correct.
11  Q  You mentioned earlier a couple of times you are
12 not a clinician and you can not form any clinical
13 opinions; correct?
14  A  Yes.
15  Q  You are also not a medical doctor; correct?
16  A  Correct.
17  Q  And the only time you have ever worked in a jail
18 was in 1976 for a couple of months when you were 17;
19 right?
20  A  Yes.
21  Q  All right. Have you ever worked as a medical
22 director of a facility?
23  A  Yes. For 25 years I worked -- no, of course I
24 haven't.
25  Q  My eyes opened sort of large there.

**Page 212**

1   A  No, come on.
2   Q  Got to make sure I have that foundation.
3   A  All right.
4   Q  Have you ever attended medical school?
5   A  No.
6   MR. JOHNSON: Come on.
7   Q  BY MR. SHLENS: Have you ever attended nursing
8  school?
9   A  No.
10  Q  You mentioned, I thought, that there were
11 various levels of suicide risk. And at one point I
12 thought you said there were four levels of suicide risk.
13      Does that ring any bells for you, or does that
14 not accurately reflect what you said earlier?
15  A  I believe I said that there are multiple levels
16 of suicide risk. There are jurisdictions that could have
17 up to four levels.
18      And I think one of the gentlemen was asking me a
19 question about what is the lowest level of risk and can
20 you go down to a 30-minute level of observation. And I
21 said no, that there can be a kind of a -- kind of an
22 addendum to a 15-minute level of observation where you
23 have an additional level or a step-down level to
24 something like -- that you begin to give the inmate back
25 his clothing or his possessions or his privileges, allow

**FALKENBURGE VS. COUNTY OF YOLO**    Multi-Page™    **LINDSAY HAYES**
**MARCH 11, 2003**

1  MR. DOUGLAS JOHNSON: Almost five minutes.
2  THE WITNESS: Mr. Varanini, can I give you back
3  this check?
4  MR. VARANINI: Yes, sir.
5  MR. SHLENS: We can go off.
6  (At 7:30 p.m. the deposition was concluded.)
7  —oOo—

Page 257

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF LOS ANGELES )

5  I declare under penalty of perjury under the laws
6  of the State of California that I have read the foregoing
7  transcript, I have made any corrections, additions, or
8  deletions that I was desirous of making in order to
9  render the within transcript true and correct.
10  Executed this _____ day of _____, 2003,
11  at _____, California.

16  _____
17           WITNESS

Page 258

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF LOS ANGELES )

3  I, BARBARA J. SHANBERG, CSR 4537, a Certified
4  Shorthand Reporter for the County of Los Angeles and the
5  State of California, do hereby certify:
6  That prior to being examined the witness named in
7  the foregoing deposition was by me duly sworn to testify
8  to the truth, the whole truth and nothing but the truth;
9  That said deposition was taken before me at the
10  time and place therein set forth, and was taken down by
11  me in shorthand and thereafter printed under my direction
12  and supervision; that the said deposition is a true
13  record of the testimony given by the witness;
14  That it was stipulated by counsel that said
15  deposition may be read, corrected and signed by the
16  witness under penalty of perjury.
17  I further certify that I am neither counsel for nor
18  related to any party to said action, nor in anywise
19  interested in the outcome thereof.
20  IN WITNESS WHEREOF, I have subscribed my name this
21  _____ day of _____, 2003.

24       BARBARA J. SHANBERG, CSR 4537

Page 259

# EXHIBIT B

RX Date/Time 05/25/2012 14:51 916 442 5750 P.002
Case 2:09-cv-08694-CAS-E Document 97 Filed 05/25/12 Page 8 of 12 Page ID #:2069
Jerome M. Varanini, Esq. 916-442-5750 p.2

FALKENBURGE VS.     Multi-Page™     LINDSAY HAYES
COUNTY OF YOLO     MARCH 11, 2003

---

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TALITHA FALKENBURGE, NORMAN ) Case No.
ACHEN, BARBARA EATON-ACHEN, JANE ) CIV S 01 1478 DFL GGH
DEMING, individually and in her )
capacity as Personal )
Representative of the Estate of )
Stephen Achen, and BARBARA )
GABRIEL, individually and in her )
capacity as Person )
Representative of the Estate of )
Stephen Achen, )
         Plaintiffs, )
   v. )
COUNTY OF YOLO, SHERIFF MILLER, )
SHERIFF-CORONER E.G. PRIETO, )
CORRECTIONAL OFFICER RON )
SYKOSKY, JAN CHRISTISON, RN, )
RICK HOWELL, RN, CALIFORNIA )
FORENSIC MEDICAL GROUP, INC., )
PSYCHIATRIC NURSE; DOE 1, LVN, )
DOE 2, DOES 3-100, )
         Defendants. )

DEPOSITION OF LINDSAY HAYES

MARCH 11, 2003

SHANBERG SHORTHAND REPORTERS
4771-H La Villa Marina
Marina del Ray, California 90292
(310) 306-6149

Reported by:

BARBARA J. SHANBERG, CSR 4537

---

1 APPEARANCES:
2
3 For Plaintiffs:
4
5    JOHNSON & RISHWAIN, LLP
6    BY: NEVILLE L. JOHNSON, ESQ.
7       and
8    DOUGLAS JOHNSON, ESQ.
9    12121 Wilshire Boulevard
10    Suite 1201
11    Los Angeles, California 90025-1176
12    (310) 826-2410
13    (310) 826-5450 Fax
14
15 For Defendants CFMG, Inc., Jan Christison, Rick Howell,
    Kathleen Sindelar, Kyle Snow and Melinda Peterson:
16
17    TRIMBLE, SHERINIAN & VARANINI
18    BY: JEROME M. VARANINI, ESQ.
19    2500 Venture Oaks Way
20    Suite 350
21    Sacramento, California 95833
22    (916) 444-8271
23    (916) 442-5750 Fax
24
25
                                   Page 3

---

1    UNITED STATES DISTRICT COURT
2    EASTERN DISTRICT OF CALIFORNIA
3
4 TALITHA FALKENBURGE, NORMAN ) Case No.
  ACHEN, BARBARA EATON-ACHEN, JANE ) CIV S 01 1478 DFL GGH
5 DEMING, individually and in her )
  capacity as Personal )
6 Representative of the Estate of )
  Stephen Achen, and BARBARA )
7 GABRIEL, individually and in her )
  capacity as Person )
8 Representative of the Estate of )
  Stephen Achen, )
9
        Plaintiffs, )
10
   v. )
11
  COUNTY OF YOLO, SHERIFF MILLER, )
12 SHERIFF-CORONER E.G. PRIETO, )
  CORRECTIONAL OFFICER RON )
13 SYKOSKY, JAN CHRISTISON, RN, )
  RICK HOWELL, RN, CALIFORNIA )
14 FORENSIC MEDICAL GROUP, INC., )
  PSYCHIATRIC NURSE, DOE 1, LVN, )
15 DOE 2, DOES 3-100, )
16         Defendants. )
17
18
19    DEPOSITION OF LINDSAY HAYES, taken on behalf of
20 the Defendants at 12121 Wilshire Boulevard, Los Angeles,
21 California, commencing at 11:30 a.m., Tuesday, March 11,
22 2003, before Barbara J. Shanberg, CSR 4537, pursuant to
23 Notice.
24
25
                                   Page 2

---

1 For Defendants County of Yolo, Sheriff Prieto,
  Sheriff Miller and Officer Sykosky:
2
3    ANGELO, KILDAY & KILDUFF
4    BY: BRUCE A. KILDAY, ESQ.
5    601 University Avenue
6    Suite 150
7    Sacramento, California 95825
8    (916) 564-6100
9    (916) 564-6263 Fax
10
11 For Defendant Asa F. Hambly, M.D.:
12    BERTLING & CLAUSEN, LLC
13    BY: STEVE H. SHLENS, ESQ.
14    15 West Carrillo Street
15    Suite 100
16    Santa Barbara, California 93101
17    (805) 879-7514
18    (805) 963-6044 Fax
19
20
21
22
23
24
25
                                   Page 4

RX Date/Time    05/25/2012    14:51    916 442 5750    P 008
Case 2:09-cv-08694-CAS -E   Document 97   Filed 05/25/12   Page 9 of 12   Page ID #:2070
Jerome M. Varanini, Esq.                                   916-442-5750   p.8

| FALKENBURGE VS. | Multi-Page™ | LINDSAY HAYES |
| COUNTY OF YOLO  |             | MARCH 11, 2003 |

## Page 213

1  him out of the cell for visits and telephone calls and
2  those kinds of things.
3       But I didn't -- I mean, there is not a magical
4  number. Clearly, you have to have a minimum of two. You
5  can not have one level of observation.
6    Q Why is that?
7    A Because inmates that are suicidal have different
8  levels of lethality. And not everyone needs to be under
9  constant observation, and certainly not everyone who is
10 at risk for suicide warrants a 15-minute level of
11 observation.
12      There are inmates that are in -- it only takes
13 three or four minutes to lose consciousness, to incur
14 brain damage in a hanging attempt.
15      Therefore, someone who is a moderate or a high
16 risk for suicide and placed under a 15-minute watch is --
17 that protocol would be very dangerous, because that would
18 give that moderate to high-risk inmate a vast amount of
19 time to successfully commit suicide.
20   Q You mentioned in one of the case files that you
21 reviewed -- I'm looking at Exhibit B -- someone with the
22 last name of Hull. And you said he had two days of
23 suicide watch, which you felt was too short; is that
24 correct?
25   MR. KILDAY: It's Hill.

## Page 214

1    THE WITNESS: There is a Hull and a Hill. I think
2  you are referring to Benjamin Hill.
3    MR. KILDAY: Benjamin Hill is at page 13.
4    THE WITNESS: And what is your question? I'm sorry.
5    Q BY MR. SHLENS: No, I'm referring to William
6  Hull.
7    A Okay.
8    Q You mentioned that you felt two days of suicide
9  watch for this gentleman was too short; is that correct?
10   A Yes.
11   Q Going back, you can not say clinically what he
12 needed; correct?
13   A Correct.
14   Q What would your recommendation have been from
15 the policy and practice standpoint?
16   A In Mr. Hull's case, on February -- excuse me --
17 on May 2nd he attempted suicide by choking himself. He
18 should have been under a constant observation after that.
19 He should have been referred to mental health staff,
20 which apparently he was, because he was discharged two
21 days later.
22      So I think that what, from a sound policy
23 standpoint, should have happened is that someone who
24 attempts suicide should immediately be put on constant
25 observation and should be stabilized over a period of

## Page 215

1  time and downgraded to a lower level, perhaps a 15-minute
2  level of observation and then, once they're stabilized,
3  discharged from suicide precautions.
4    Q This is your opinion of what theoretically
5  should have been necessary for him; is that right?
6    A Yes.
7    Q You also have in your reports Hayani and Andreas
8  as both being on suicide watch, both having suicide
9  watch discontinued.
10      And why did you feel these were important to
11 write down in your notes?
12   A Mr. Tommie Hayani was booked in on the 10th of
13 August. And according to my notes from the booking, he
14 was depressed and feeling suicidal. At some point that
15 same day he was discharged from suicide watch with the
16 no-harm contract.
17      To me, someone who has volunteered that they're
18 suicidal upon intake is someone that needs to be kept on
19 suicide watch for a reasonable period of time. That
20 reasonable period of time does not mean that they're
21 discharged sometime during the day that they threaten
22 suicide.
23      In the other case --
24   Q Is it the same sort of circumstance, a no-harm
25 contract and suicide watch is discontinued?

## Page 216

1    A Well, this occurred -- she was booked on
2  June 10th, placed on suicide watch after she said, "I do
3  not want to live." She was taken off suicide watch three
4  days later on, on the 13th of June.
5    Q You have no indication that either one of these
6  people attempted suicide after this, do you?
7    A If it was in the medical report, that would be
8  one indication. I do not -- in these two cases that you
9  are referring to, if they had attempted suicide after
10 these two dates I would imagine I would have made a note
11 of it.
12   Q That would have been important to you?
13   A Yes.
14   Q And there's no notation about either one, which
15 would seem to reflect that they did not attempt suicide
16 after this, doesn't it?
17   A Yes.
18   Q You mentioned earlier -- and I'm sorry --
19 again, I'm jumping around here -- that if somebody said
20 that they had, on intake, come into the jail and they
21 said, "Two weeks ago I cut my wrists, but I do not plan
22 to commit suicide now. I do not want to die. I have no
23 intent. I love my family. I am not going to commit
24 suicide," under that circumstance that person would still
25 be placed on a suicide watch; correct?

| FALKENBURGE VS. COUNTY OF YOLO | Multi-Page™ | LINDSAY HAYES MARCH 11, 2003 |

---

1  MR. DOUGLAS JOHNSON: Almost five minutes.
2  THE WITNESS: Mr. Varanini, can I give you back
3  this check?
4  MR. VARANINI: Yes, sir.
5  MR. SHLENS: We can go off.
6  (At 7:30 p.m. the deposition was concluded.)
7  —oOo—

Page 257

---

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF LOS ANGELES )

5     I declare under penalty of perjury under the laws
6  of the State of California that I have read the foregoing
7  transcript, I have made any corrections, additions, or
8  deletions that I was desirous of making in order to
9  render the within transcript true and correct.
10    Executed this_____day of_____, 2003,
11 at _____, California.

17         WITNESS

Page 258

---

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF LOS ANGELES )

3     I, BARBARA J. SHANBERG, CSR 4537, a Certified
4  Shorthand Reporter for the County of Los Angeles and the
5  State of California, do hereby certify:
6     That prior to being examined the witness named in
7  the foregoing deposition was by me duly sworn to testify
8  to the truth, the whole truth and nothing but the truth;
9     That said deposition was taken before me at the
10 time and place therein set forth, and was taken down by
11 me in shorthand and thereafter printed under my direction
12 and supervision; that the said deposition is a true
13 record of the testimony given by the witness;
14    That it was stipulated by counsel that said
15 deposition may be read, corrected and signed by the
16 witness under penalty of perjury.
17    I further certify that I am neither counsel for nor
18 related to any party to said action, nor in anywise
19 interested in the outcome thereof.
20    IN WITNESS WHEREOF, I have subscribed my name this
21 _____day of _____, 2003.

24         BARBARA J. SHANBERG, CSR 4537

Page 259

---

PROOF OF SERVICE
CCP §§ 1011, 1013, 1013a, 2015.5
FRCP 5(b)/Rules of Court, Rule 2.260

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 15 West Carrillo Street, Suite 100, Santa Barbara, California 93101.

On **May 25, 2012**, I served the document described as **OBJECTION TO DECLARATION OF LINDSAY HAYES** on the interested parties in this action ☒ by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list ☐ by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒ BY MAIL    ☐ I deposited such envelope in the mail at Santa Barbara, California. The envelope was mailed with postage thereon fully prepaid.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Barbara, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ BY ELECTRONIC SERVICE (via electronic filing service provider)

By electronically transmitting the document listed above to a Pacer CM/ECF File and Serve, at www.ecf.us.courts.gov pursuant to the Court's Order mandating electronic service. See Rules of Court, Rules 2.253, 2.255 and 2.260. The transmission was reported as complete and without error.

☒ FEDERAL    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **May 25, 2012,** at Santa Barbara, California.

Marci Bratton                                    /s/ Marci Bratton
_____                          _____
                                                 Signature

# SERVICE LIST

**Attorneys for Plaintiffs**
David S. McLane, Esq.
Caitlin S. Weisberg, Esq.
Kaye, McLane & Bednarski, LLP
234 E. Colorado Blvd., Suite 230
Pasadena, CA 91101
(626) 844-7660 - Phone
(626) 844-7670 - Fax
dmclane@kmbllp.com
cweisberg@kmbllp.com

Brian A. Vogel, Esq.
The Law Offices of Brian A. Vogel
770 County Square Drive, Suite 104
Ventura, CA 93003
(805) 654-0400 - Phone
(805) 654-0326 - Fax
brian@bvogel.com

**Attorneys for Defendants, County of Ventura, Ventura County Sheriff's Department, and Sheriff Bob Brooks**
Jeffrey Held, Esq.
Wisotsky, Procter & Shyer
Financial Plaza Tower
300 Esplanade Drive, Suite 1500
Oxnard, CA 93036
(805) 278-0920 - Phone
(805) 278-0289 - Fax
jheld@wps-law.net