UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08694 CAS (Ex) | Date | June 4, 2012 |
|---|---|---|---|
| Title | ESTHER BISELLI; ET AL. v. COUNTY OF VENTURA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Caitlin Weisberg<br>David McLane<br>Brian Vogel | Jeffrey Held<br>Steve Shlens | |

**Proceedings:** **Plaintiffs' Motion for Spoliation Sanctions** (filed 05/07/12)

## I.     INTRODUCTION

The background facts of this case are set forth in the Court's order on defendants' motions for summary judgment issued contemporaneously with this order.

Plaintiffs filed the instant motion for spoliation sanctions on May 7, 2012. Dkt. No. 68. Plaintiffs base their motion on the destruction of and or failure to preserve video recordings depicting the decedent in this case, Daniel T. Hernandez, in the week prior to his suicide.[1] Plaintiffs assert that as a result of the failure of defendant Ventura County Sheriff's Department ("VCSD") to preserve the video recordings, even after they were requested during discovery in this case, they have been deprived of critical evidence depicting the behavior and condition of Hernandez in the days before his suicide.

---

[1] The Ventura County Jail does not have any audiovisual monitoring of the interior of any inmate's cell, including in the segregated housing where Hernandez was housed. Therefore, there is no footage of the interior of Hernandez's cell. Immediately adjacent to the segregated housing cells are enclosed structures called "sallyports." Custody staff and medical personnel attend to the inmates in segregated housing by entering the sallyport, where there is a pass-through opening to the inmates' cells. There is no audiovisual recording of the sallyports. However, security cameras do capture the hallway adjacent to the sallyports. The destruction of or failure to preserve footage from these security cameras is the subject of plaintiffs' motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08694 CAS (Ex) | Date | June 4, 2012 |
|---|---|---|---|
| Title | ESTHER BISELLI; ET AL. v. COUNTY OF VENTURA; ET AL. | | |

According to plaintiffs, with this evidence, the jury would have been able to assess whether the jail employees interacting with Hernandez would have known that he was in need of medical intervention for his serious mental health condition.

Plaintiffs seek the following sanctions:

(1) The exclusion during the remaining pre-trial motions and trial of this action of evidence presented by any defendant reflecting any testimony by VCSD employees or documentary evidence supplied by VCSD employees regarding any observations of Hernandez's behavior, statements and/or mental health condition during the period February 8, 2009 through February 16, 2009 or in general, except to the extent that those observations are explicitly recorded in contemporaneous documents.

(2) The exclusion during the remaining pre-trial motions and trial of this action of evidence presented by any defendant reflecting any testimony by VCSD employees or documentary evidence supplied by VCSD employees regarding their opinions or interpretation of Hernandez's behavior, statements, and/or mental health condition during the period February 8, 2009 through February 16, 2009 or in general, any observations that were not explicitly recorded in contemporaneous documents, and any characterization of observations that were not explicitly recorded in contemporaneous documents.

(3) The exclusion of any expert testimony offered by any defendant based on testimony by VCSD employees or documentary evidence supplied by VCSD employees to the extent that such evidence is excluded under requests (1) and (2);

(4) A curative jury instruction that because defendant VCSD had a legal duty to preserve video recordings of the decedent during the period February 8 through February 16, 2009, but rather allowed or caused the destruction of such video, the jury may find that, if the video were viewed, it would corroborate the plaintiffs' evidence that Hernandez displayed signs and symptoms of his serious mental illness; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08694 CAS (Ex) | Date | June 4, 2012 |
|---|---|---|---|
| Title | ESTHER BISELLI; ET AL. v. COUNTY OF VENTURA; ET AL. | | |

    (5)    The exclusion of evidence offered by the VCSD concerning the reasons for, or the circumstances surrounding, the destruction or failure to preserve the video recordings.

The County of Ventura (the "County") filed its opposition on May 18, 2012. Dkt. No. 71. Plaintiffs replied on May 25, 2012. The Court heard oral argument on June 4, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

The district court has the inherent authority to impose sanctions based on the spoliation of relevant evidence, including evidentiary sanctions and adverse inference instructions. Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993).

Federal law imposes a duty to preserve evidence before litigation begins and even before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in the offing. In re Napster, Inc. Copyright Litigation, 463 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). "Spoliation is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 430 (S.D.N.Y. 2004) (citation omitted).

Once the duty to preserve attaches, a litigant or potential litigant "is required to suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." In re Napster, 462 F. Supp. 2d at 1070. Because the preservation of relevant evidence is an affirmative duty, it is no defense for a litigant to claim that the destruction was inadvertent or the result of longstanding, impartial policies. Id.

Generally, three types of non-monetary sanctions may be imposed. First, and least severely, the court, at trial, may instruct the jury that based on a party's destruction of evidence it may draw an inference adverse to that party. Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993). The giving of such an instruction is justified for its deterrent effect. Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991). This type of sanction need not be supported by a finding of bad faith; instead, "simple notice of [the despoiled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08694 CAS (Ex) | Date | June 4, 2012 |
|---|---|---|---|
| Title | ESTHER BISELLI; ET AL. v. COUNTY OF VENTURA; ET AL. | | |

evidence's] 'potential relevance to the litigation'" will support its imposition." Glover, 6 F.3d at 1329.

Second, a court can exclude witness testimony proffered by the party responsible for destroying the evidence and based on the destroyed evidence. Id. This sanction is justified because where evidence has been tampered with in a manner in which it cannot be restored to its original state, the evidence is no longer authentic as required by Federal Rule of Evidence 901(a), nor is it relevant under Rule 401. Id. at 1329.

Finally, and most severely, a court may dismiss the claim of the party responsible for destroying the evidence or, where the accused party is a defendant, enter default judgment as to a claim or claims. This ultimate sanction may be imposed only when spoliation is "due to willfulness, bad faith, or fault," and results in unfair prejudice to the opposing party that no lesser sanction can remedy. In re Exxon Valdez, 102 F.3d 429, 432–33 (9th Cir. 1996).

### III. DISCUSSION

Plaintiffs contend that the VCSD had an obligation to preserve the video recordings at the time they were destroyed, that the video recordings were destroyed in bad faith, that plaintiffs were thereby prejudiced,[2] and that evidentiary sanctions and an adverse inference instruction are therefore warranted

In opposition, the County argues that plaintiffs are improperly attempting to cure their failure to bring a timely motion to compel. In this respect, the County argues that on August 13, 2010, it responded to plaintiffs' request for production of the video recordings that compliance would be unduly burdensome. Instead of filing a motion to compel at

---

[2] Specifically, plaintiffs' argue that the recordings would provide evidence as to whether Hernandez's medical needs were so obvious that it can be inferred that defendants were deliberately indifferent thereto. Mot. at 17 (citing Farmer v. Brennan, 511 U.S. 825, 842 (1994) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08694 CAS (Ex) | Date | June 4, 2012 |
|---|---|---|---|
| Title | ESTHER BISELLI; ET AL. v. COUNTY OF VENTURA; ET AL. | | |

that time, the County asserts that plaintiffs waited over eight months until April 11, 2011, to act on the matter. The County argues that as a result of plaintiffs' failure to timely raise the issue, the video footage was automatically recycled and therefore erased pursuant to jail practice after the expiration of two years.

The Court finds that the VCSD had an obligation to preserve the video recordings and that it breached this duty. As noted above, a litigant must preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in the offing. In re Napster,, 463 F. Supp. 2d at 1067. Here, regardless of what was reasonably foreseeable to the VCSD, plaintiffs specifically requested video recordings of Hernandez from February 8, 2009 through February 16, 2009. The County acknowledged the request by objecting on the basis of burdensomeness, demonstrating its understanding of what plaintiffs sought. Further, in his deposition, a representative for the County admitted that it was "pretty clear" what plaintiffs were requesting. McLane Decl., Ex. H at 237. Thus, the VCSD had an obligation to preserve the requested evidence, including a duty to deactivate any automatic purging policy that it claims resulted in the destruction of the video tapes. Id. at 1070; Computer Assocs. Intern., Inc. v Am. Fundware, Inc., 133 F.R.D. 166, 168–70 (D. Colo. 1990).

Accordingly, at minimum, the Court will instruct the jury that because the VCSD had an affirmative duty to preserve video recordings of the decedent during the period between February 8 and February 16, 2009, but instead allowed or caused the destruction of the video, the jury may find that, if the video were viewed, it would corroborate the plaintiffs' evidence that Hernandez displayed clear signs and symptoms of his mental illness during that period. The Court will determine whether further sanctions are appropriate once defendants proffer their intended evidence with respect to Hernandez's conduct and demeanor between February 8 and February 16, 2009.

**V.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS plaintiffs' motion for spoliation sanctions. The Court will instruct the jury concerning the destruction of or

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08694 CAS (Ex) | Date | June 4, 2012 |
|---|---|---|---|
| Title | ESTHER BISELLI; ET AL. v. COUNTY OF VENTURA; ET AL. | | |

failure to preserve the evidence at issue.  At this time, the Court reserves judgment as to whether further sanctions are appropriate.

    IT IS SO ORDERED.

|  |  | 00 | : | 06 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |